SALISBURY *v.* BUTLER BROTHERS.

1. EXECUTION—INTEREST IN LAND—CONSIDERATION—FAILURE OF CONSIDERATION RENDERED DEED VOID.

Where grantor, in consideration of a home and her support and care during her natural life, conveyed to grantee her farm, and grantee executed back to grantor a contract which was to be treated as a reconveyance in case grantee died before grantor, the transaction was testamentary in character; and where grantee never entered upon or performed his contract in whole or in part, there was no consideration, and grantee had no interest in the farm by reason of said conveyance which was subject to levy and sale under execution.

2. QUIETING TITLE—CLOUD ON TITLE—EXECUTION.

Where a conveyance of a farm failed because of failure of consideration, the grantee never had any interest in the farm which was subject to levy and sale under execution, and therefore such levy is a cloud upon grantor's title which she is entitled to have removed in proceedings to quiet title.

Appeal from Lenawee; Sampson (Jacob N.), J. Submitted October 5, 1928. (Docket No. 85, Calendar No. 33,800.) Decided December 4, 1928.

Bill by Flora J. Salisbury against Butler Brothers to quiet title to land. From a decree for plaintiff, defendant appeals. Affirmed.

*Chandler & Culver,* for plaintiff.

*John C. Howell,* for defendant.

POTTER, J. Plaintiff commenced suit in Lenawee circuit, in chancery, against defendant to remove cloud from title caused by a levy by defendant on 80 acres of land. Plaintiff, November 10, 1925, made, executed, and delivered to Glenn B. Yeagley a deed of the premises, recorded in the office of the register of deeds of Lenawee county. Simultaneously a contract was executed between the parties as follows:

"In consideration of a deed by Flora J. Salisbury to Glenn B. Yeagley of certain land in Medina township, Lenawee county, Michigan, described as the west one-half of the northwest quarter of section 11, in township 8 south, range 1 east, the said Glenn B. Yeagley and his wife Vera, parties of the first part, in this instrument do hereby agree to furnish to the said Flora J. Salisbury a home with us for and during her natural lifetime, and do agree to support and care for her both in sickness and in health during said period, we do further agree that the said Flora J. Salisbury may, if she desires, cut and sell timber from said lands above described, any time she may desire. We do further agree that in case said Glenn B. Yeagley shall die before the demise of said Flora J. Salisbury, that this instrument may and shall be treated as a conveyance of the premises above described from us to said Flora J. Salisbury, and shall convey to her all of the interest acquired by said

Glenn B. Yeagley, in a deed of this date above mentioned. We do further agree that this instrument shall be deposited with B. D. Chandler of Hudson, Michigan, and shall be retained by him during the lifetime of said Flora J. Salisbury and in case of her demise preceding that of Glenn B. Yeagley, said Chandler shall destroy this instrument and same shall be void, but in case of the death of said Glenn B. Yeagley before the demise of said Flora J. Salisbury, then this instrument shall be delivered to said Flora J. Salisbury for the purpose of conveying to her a title in fee simple to the premises above described."

The contract was recorded in the office of the register of deeds for Lenawee county. Yeagley became indebted to defendant, suit was instituted against him, judgment obtained, execution issued and levied on the premises. The sole question is whether these instruments conveyed such an interest to Yeagley as to be subject to levy and sale under execution.

The arrangement was testamentary in character. In case of the death of Yeagley before that of Mrs. Salisbury, the property became hers. The consideration for the deed was the promise upon the part of Yeagley to care for, support, and maintain the grantor therein. It is undisputed that he never entered upon or performed this contract in whole or in part, and therefore had no interest in the premises, either legal or equitable.

The trial court held there was no consideration for the deed,—that the consideration absolutely failed, and entered a decree removing the cloud from the title resulting from defendant's levy. In this we think he was correct.

Decree affirmed, with costs to plaintiff.

FEAD, C. J., and NORTH, FELLOWS, WIEST, CLARK, McDONALD, and SHARPE, JJ., concurred.